```
UNITED STATES DISTRICT COURT                    C/M
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------  X
                                                             :
LESLIE E. BROWN,                                             :   **MEMORANDUM**
                                                             :   **DECISION AND ORDER**
                           Plaintiff,                        :
                                                             :   15-cv-6217 (BMC) (LB)
                 - against -                                 :
                                                             :
CITY OF NEW YORK and POLICE OFFICER                          :
JESSE MCKAY, Shield # 22289,                                 :
                                                             :
                           Defendants.                       :
-----------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff *pro se* is a serial litigant who has sued the City of New York, its departments, and its police officers at least seven times since 2008, usually for false arrest or related claims. The City has settled several of these actions for *de minimis* amounts, and so now plaintiff appears to sue the City for every interaction he has with any member of law enforcement, no matter how frivolously pursued, like this complaint. The present action arises from a street encounter where plaintiff was walking with his girlfriend and was issued a summons for disorderly conduct by Officer Jesse McKay. Plaintiff was handcuffed and made to sit on a curb so that his girlfriend could have an opportunity to get away from him, which she did. He was then released, and the summons was ultimately dismissed for facial insufficiency.

## BACKGROUND

I am taking the facts from defendants' Local Rule 56.1 statement for several reasons. First, it is well supported by citations to evidence in the record, principally the deposition testimony of plaintiff's girlfriend, Felicia Kinnion, the arrest documents, and, to a lesser extent, the affidavit of Officer McKay, although it is somewhat conclusory. Second, plaintiff has not

filed an opposing Local Rule 56.1 statement, and even a *pro se* litigant, especially one as experienced as plaintiff, is bound by an unrefuted Local Rule 56.1 statement. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (finding "that *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law" (internal quotation marks omitted)); Wali v. One Source Co., 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009) ("*Pro se* litigants are then not excused from meeting the requirements of Local Rule 56.1."). Third, the key issue in this case is the interaction between plaintiff and Ms. Kinnion, which caused Officer McKay to pull his marked police vehicle over and intervene between them. Plaintiff has put in virtually no evidence of what transpired; indeed, when asked at his deposition: "When you were walking with Ms. Kinnion, were you having a conversation?" plaintiff answered, "I can't remember."

It is true that in his affidavit opposing summary judgment, which consists almost entirely of conclusions and legal empty-talk – and thus is not properly considered in opposition to summary judgment – plaintiff includes a sentence that says "plaintiff was [not] being loud or obnoxious toward Ms. Kinnion or the defendant." However, not only is this sentence itself a conclusion and characterization, but it also flatly contradicts plaintiff's deposition testimony that he could not even remember if he was talking to Ms. Kinnion, and thus may be disregarded on summary judgment. See Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001); Crawford v. N.Y. Life Ins. Co., No. 04 CV 1853, 2006 WL 2792779, at *5 (E.D.N.Y. Sept. 27, 2006) (rejecting *pro se* plaintiff's affidavit as "self-serving and contradicted by her previous deposition testimony").

Ms. Kinnion's sworn deposition testimony, in contrast, was quite clear that plaintiff was being loud and obnoxious and was engaged in, at the very least, disorderly conduct. She testified

that as they were walking towards her home, he yelled at her, made vulgar statements to her, and called her a "b----h." He also threatened her with what she described as "physical contact." In fact, plaintiff's threats were so significant that she testified to the following: "I was walking ahead of him giving him some distance so if I had to run I could run. Yeah, I was relieved [when the police intervened]." She was further afraid because "I'm only 122 pounds," whereas plaintiff is 6 feet tall and 200 pounds, and "that's kind of a Chihuahua and a Rottweiler." She said that, "I didn't stop because I didn't want him to come at me." She explained that, "[Plaintiff] and I were arguing loud walking down Beach Channel [Drive] and the police car was coming opposite. We were going that way; they were coming this way. They heard us arguing and made a U-turn. They turned around and stopped him." She then testified as to what happened when the police stopped them: "They asked me if I was okay. I told them yes. [Plaintiff] went into his little performance with the police or whatever and that was it. He ended on the curb in handcuffs." When asked if she was afraid during the incident before the police handcuffed plaintiff, she testified: "Yeah. That's why I was walking ahead of him." Although Officer McKay's affidavit is more general, it is consistent with her testimony.

Other than plaintiff's lately-arrived-at conclusion that he was not being loud and obnoxious, which I suppose is plaintiff's opinion, plaintiff has contradicted none of this, and it all appears in defendant's Local Rule 56.1, which itself is predominantly based on the testimony of Ms. Kinnion, a third-party witness and the target of plaintiff's threatening conduct.

## DISCUSSION

In reviewing a motion for summary judgment, the court is to "constru[e] all evidence in the light most favorable to the non-moving party." Ruggiero v. Cty. of Orange, 467 F.3d 170, 173 (2d Cir. 2006). The motion should be granted "if the movant shows that there is no genuine

3

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is not "genuine" if no reasonable jury "could return a verdict for the nonmoving party." Nabisco, Inc. v. Warner-Lambert Co., 220 F.3d 43, 45 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986)).

With respect to plaintiff's actual claim for false arrest, it is axiomatic that probable cause is a complete defense to a claim of false arrest. See Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999) (holding that "probable cause to arrest constitutes justification and is a complete defense to an action for false arrest"). Here, at the very least, the unrebutted record of plaintiff's conduct satisfies each of the requirements for the offense of disorderly conduct under New York law, N.Y. Penal L. § 240.20 (disorderly conduct is defined as: "enga[ging] in fighting or in violent, tumultuous, or threatening behavior."). See, e.g., Mesa v. City of New York, No. 09 CIV. 10464 JPO, 2013 WL 31002, at *12 (S.D.N.Y. Jan. 3, 2013). This same record in all likelihood shows that plaintiff was guilty of the crime of harassment in the second degree, N.Y. Pen. L. § 240.26, and probably menacing in the third degree, N.Y. Pen. L. § 120.15, as well. There was plenty of probable cause for Officer McKay to write plaintiff a summons on these facts.

It is also clear that the same probable cause, unless dissipated, bars an action for malicious prosecution. See Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003). More fundamentally, the issuance of a summons will not give rise to an action for malicious prosecution: "[Plaintiff's] malicious prosecution claims also fail because a warrantless summons, demanding only a court appearance, cannot provide the basis for a malicious prosecution claim, under either § 1983 or state law." Mesa, 2013 WL 31002, at *17 (dismissing malicious prosecution claim premised on disorderly conduct summons following arrest).

With no federal claim against Officer McKay, plaintiff's claim against the City of New York under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036 (1978), also fails. Plaintiff's complaint is devoid of any of the allegations necessary to advance a Monell claim; instead, he alleges only his false arrest and malicious prosecution claims, which fail because of the presence of probable cause.[1] See Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.").

## CONCLUSION

Defendant's motion for summary judgment is granted, and plaintiff's federal claims are dismissed. The Court declines to exercise supplemental jurisdiction over his state law claims, see 28 U.S.C. § 1367, and those claims are dismissed without prejudice. The Clerk of Court is directed to enter judgment accordingly. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                          _____
                                                                                                         U.S.D.J.

Dated: Brooklyn, New York
           December 21, 2016

---

[1] I need not reach it here because the facts are so one-sided as to make the analysis unnecessary, but I also find that Officer McKay is entitled to qualified immunity; Officer McKay acted after observing plaintiff's threatening, vulgar statements to a woman who appeared to be attempting to flee him. There is arguable probable cause and actual probable cause to shield Officer McKay from any liability here. See, e.g., Cerrone v. Brown, 246 F.3d 194, 202-03 (2d Cir. 2001).